[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13180
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20736-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO RAPALO-SARMIENTO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 9, 2019)

Before WILLIAM PRYOR, MARTIN, and GRANT, Circuit Judges.

PER CURIAM:

Mario Rapalo-Sarmiento appeals the substantive reasonableness of his 18-month sentence imposed after he was convicted of illegal reentry after removal in violation of 8 U.S.C. § 1326(a).  He argues the district court failed to consider and properly weigh threats and violence he experienced at the hands of MS-13, a prominent gang in Honduras, that prompted him to illegally enter, reenter, and commit crimes in the United States.  After careful review, we affirm.

## I.

Rapalo-Sarmiento is a native and citizen of Honduras.  In 1998, he illegally entered the United States and, in 2003, was convicted of possession or purchase of narcotics in California.  He was removed twice from the United States, once in May 2003 and again March 2004.  After returning a third time, Rapalo-Sarmiento was arrested on August 2015 in Florida on charges of cocaine trafficking and money laundering.  He was found guilty of these charges and sentenced to three years in Florida state prison.  He was released on May 1, 2018.  Federal authorities then arrested Rapalo-Sarmiento on May 21, 2018 and charged him with one count of illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  Rapalo-Sarmiento pled guilty to the charge of illegal reentry after removal, and the modified sentencing report recommended a sentence of 15 to 21 months based on the United States Sentencing Guidelines.

At sentencing, Rapalo-Sarmiento moved for a downward variance to time served—approximately two months. He argued the district court should vary downward because his previous drug-related offenses and illegal entry and reentry into the United States were caused by violence and duress he experienced by MS-13. He explained he first entered the United States illegally to escape MS-13 after they shot him in the foot and leg as punishment for refusing to join. Once he came to the United States, Rapalo-Sarmiento committed a drug offense at the behest of MS-13 members in California. He informed the district court that after he was removed to Honduras, members of MS-13 "entered his home, held him at gunpoint, removed his clothing and belongings from him, and threatened to kill him." He proffered to the district court an untranslated, uncertified record corroborating his account of the attack after his removal. The district court did not make the document part of the sentencing record. Because of this attack, Rapalo-Sarmiento says he illegally returned to the United States. He explained to the district court that his 2015 offense occurred only because MS-13 members who were on the "lookout for him." While serving his prison sentence for his 2015 conviction, members of MS-13 stabbed him five times "for leaving [Honduras]."

After hearing Rapalo-Sarmiento's argument and the government's rebuttal, the district court imposed a sentence of 18-months imprisonment. In reaching its determination, the district court stated it was "apparent . . . that Mr. Rapalo-

3

Sarmiento ha[d] faced difficulties in his home county and that perhaps it followed him here" to the United States. But the district court also noted Rapalo-Sarmiento had two previous narcotics convictions in the United States and, as a result, a sentence "within the guideline range [was] appropriate." Rapalo-Sarmiento now appeals his 18-months sentence, arguing that it was substantively unreasonable in light of the context of his illegal reentry and criminal history.

## II.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The district must consider the factors set forth in 18 U.S.C. § 3553(a), which include, in relevant part, the "nature and circumstances of the offense and the history and characteristics of the defendant" when determining a reasonable sentence. United States v. Irey, 612 F.3d 1160, 1198 (11th Cir. 2010) (en banc) (quotation marks omitted). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." Id. at 1189 (quotation marks omitted). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and

4

the substantial deference afforded sentencing courts." United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015).

### III.

Rapalo-Sarmiento argues the district court abused its discretion because his sentence is greater than necessary to achieve the purpose of § 3553(a). He contends the district court failed to consider and "accord proper weight to the threats of violence that animated his entries into the United States and the coercion underlying his commission of offenses while present in the United States."

Rapalo-Sarmiento's argument is premised on the language found in § 3553(a), which states "[t]he court shall impose a sentence sufficient, but not greater than necessary" to achieve the statute's purposes. See 18 U.S.C. § 3553(a)(2) (listing permissible considerations in fashioning a sentence). This Court has interpreted this language to require sentences that are "not too short and not too long." See Irey, 612 F.3d at 1197. This Court has also held how much weight each § 3553(a) factor receives "is a matter committed to the sound discretion of the district court." United States v. Kuhlman, 711 F.3d 1321, 1327 (11th Cir. 2013) (quotation marks omitted). As a result, this Court cannot substitute its judgment for that of the district court in weighing the relevant § 3553(a) factors. Id. "[S]ignificant reliance on a single factor does not necessarily render a sentence unreasonable." Id.

5

The district court considered Rapalo-Sarmiento's circumstances and the context of his criminal history. Although the district court did not make the Honduran document part of the sentencing record, it still considered the relevant context for his crimes. Indeed, the district court acknowledged that Rapalo-Sarmiento faced "difficulties" in Honduras that "perhaps . . . followed him" to the United States.

Balancing the circumstances of Rapalo-Sarmiento's crimes and background with the nature of his narcotics offenses, the district court found that a sentence within the guideline range was appropriate. While the district court may have weighted his two narcotics offenses significantly more than the context of his offenses, we cannot say this amounted to an abuse of discretion. See Kuhlman, 711 F.3d at 1327. We therefore hold that Rapalo-Sarmiento's sentence was substantively reasonable.

**AFFIRMED.**